UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAJJA RICE,

                Petitioner,

-vs-                                  Case No.  8:06-cv-838-T-17TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

                Respondent.

_____

## ORDER

      This cause is before the Court on Petitioner Najja Rice's 28 U.S.C. § 2254 petition for writ of habeas corpus. Rice challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, Florida, in Case No. 99-7188.  A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

Procedural History

      On February 3, 2000, Rice was charged by supersedes information with robbery with a firearm (less than $300), grand theft motor vehicle, and felon in possession of a firearm. Rice was found guilty by a jury of robbery with a firearm and the other two counts were nolle prossed. On October 2, 2000, Rice was sentenced as a prison releasee reoffender to 30 years imprisonment. (Exhibit 1).

      Rice, through appellate counsel, prosecuted a direct appeal. (See Appellate Briefs at Exhibit 2). On April 3, 2002, the state district court of appeal *per curiam* affirmed the

conviction and sentence  in 2d DCA  case no. 2D00-4689. *Rice v. State*, 816 So. 2d 623 (Fla. 2d DCA 2002)[table]. The mandate issued on May 1, 2002. (Exhibits 3 and 4).

On February 3, 2003, Rice filed a Motion seeking Post Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, raising twelve ground for relief. (Rice's Motion for Post Conviction relief at Exhibit 5).

By order entered on March 28, 2003, the state trial court denied, in part, Rice's motion for post-conviction relief, ordered the State to respond to grounds 6 (in part), 7, 8, and 9, and reserved ruling on ground 12. (Exhibit 6). After the State responded, the state trial court entered an order on May 6, 2003, granting an evidentiary hearing on grounds 6 (in part), 7, 8 and 9. (Exhibit 7). On October 27, 2003, the state trial court held an evidentiary hearing on the remaining grounds of Rice's motion for post-conviction relief. (Exhibit 8).

On March 5, 2004, the state trial court entered a final order denying Rice's Motion for Post Conviction Relief. (Exhibit 9). Rice appealed the trial court's order denying relief of his motion for post conviction relief (Briefs attached as exhibit 10), and on December 28, 2005, the state district court of appeal *per curiam* affirmed the denial of postconviction relief in 2d DCA no. 2D04-1856. *Rice v. State*, 915 So. 2d 1212 (Fla. 2d DCA 2005)[table]. (The record on appeal in 2D04-1856 at Exhibit 11).

Rice delivered his signed federal petition to prison authorities for mailing on April 28, 2006. **The petition is timely**.

Rice raises four ground for relief in the present petition:

1. Counsel was ineffective for failing to move the trial court to address sleeping juror Thelma Deleary on her ability to continue and render an independent and informed verdict.

2. Counsel failed to investigate, discover, obtain and present exculpatory evidence, counsel failed to research and know the law of admissible evidence, counsel failed to obtain business records available.

3. Counsel failed to file a timely motion for new trial based on sleeping juror Thelma Deleary, and amended motion on discovery of alibi witness Jones.

4. Ineffective assistance of counsel for failure to file a motion to suppress statements allegedly made by Rice to Corporal Shepard, post-Miranda.

Standards of Review

The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668

(1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

### Ground One

**Counsel was ineffective for failing to move the trial court to address sleeping juror Thelma Deleary on her ability to continue and render an independent and informed verdict.**

Rice alleges counsel was ineffective for failing to object when juror Thelma Deleary slept throughout portions of the trial. He claims he saw Thelma Deleary sleeping throughout portions of the trial, closing arguments, and jury instructions. He asserts he informed defense counsel of this situation, but counsel did not inform the trial court. After reviewing Rice's Motion for New Trial, filed on April 19, 2001, the state trial court properly found that defense counsel did allege Thelma Deleary's sleeping during closing arguments. At the evidentiary hearing, defense counsel, Ms. Gray, testified that she noticed a juror with her eyes closed at one point during closing argument, but she did not recall whether the juror's eyes were closed during the trial because her focus was on the witnesses and the testimony being given at the time. (Ex.8:V3/R583).

Ms. Gray did notice the juror's eyes were open later but Ms. Gray was not sure if it was later during closing argument or during the jury instructions. (Ex.8:V3/R583). The state trial court found, based on the testimony presented at the evidentiary hearing, that the juror

only had her eyes closed during a portion of closing arguments and not during the presentation of any evidence.

A review of all of the evidence presented against Rice shows that, due to its overwhelming nature, Rice was not prejudiced when the juror closed her eyes during summation. The evidence against Rice revealed that Rice's fingerprints were found at the scene of the robbery and Rice's exit from the store was recorded by a surveillance video camera which corroborated the eyewitness's testimony. Additionally, other eyewitnesses testified they saw Rice leave the scene in a maroon mid 1980's Ford LTD II with a broken left taillight.  Rice was subsequently "pulled over" while driving a vehicle matching this description. (Ex.9: V3/R487).  The state trial court  properly determined that Rice failed to demonstrate that but for counsel's failure to object and bring to the court's attention that a juror may have been sleeping during a portion of closing arguments, the result of the proceedings would have been different.

In *Bullis v. State*, 734 So. 2d 463 (Fla. 5th DCA 1999), the court held that where the record failed to indicate how long a juror was sleeping, it was impossible to determine whether the juror's sleeping was prejudicial to the defense. The state trial court denied Rice's claim after an evidentiary hearing because Rice failed to show that counsel's conduct fell below any measurable standard of competence or that Rice was prejudiced by counsel's decision, pursuant to the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

Rice has not shown that the adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, Rice has not satisfied the threshold requirement of 28 U.S.C. 2254(d) and (e), and is not entitled to habeas relief.

### Ground Two

**Counsel failed to investigate, discover, obtain and present exculpatory evidence, counsel failed to research and know the law of admissible evidence, counsel failed to obtain business records available.**

Rice alleges that defense counsel attempted to introduce evidence at trial that 29 vehicles in a 30 mile radius of Rice's zip code, matched the description of the vehicles used to attempt to link him to the robbery. The State's hearsay objection excluded this evidence. Rice claims that had counsel obtained records from the Department of Highway Safety and Motor Vehicles, the records would have been admissible as business records and not subject to exclusion under the hearsay rule.

The state trial court correctly determined that Rice failed to show how he was prejudiced by this alleged lack of evidence. A review of the trial transcript shows that defense counsel, in closing argument, vigorously argued the fact that it was very reasonable to believe that there were many vehicles in Hillsborough County which matched the description of the car used during the robbery. (Ex4:V3/T246-248). Defense counsel further argued that because the vehicle was an older model, it was reasonable to infer that some of those vehicles would have damage to the back taillight area. (Ex.4:V3/T255).

The state trial court correctly found that Rice failed to show any prejudice because defense counsel adequately presented the jury with the theory that there were other

vehicles besides Rice's which matched the description given by the victims. However, the jury chose to reject this theory. The transcripts further reflect the prosecutor argued in closing that the State had never taken the position that there was only one car in Hillsborough County that matched the description given by the victims, and that car was the one driven by Rice in the robbery. (Ex.4:V3/R3240-267). Therefore, the state trial court did not err in finding that because the prosecutor did not argue Rice had the only car in Hillsborough County that matched the one driven by the robber, and defense counsel adequately presented the jury with this argument, any evidence showing that other vehicles in the area matched Rice's vehicle would not have changed the result of the proceedings.

This is particularly true considering the other evidence presented by the State which overwhelming showed Rice was guilty of the robbery: 1) Rice's fingerprints were found on the door of the shop where the robber had put his hand; 2) the videotape of the crime as it was occurring;  and, 3)  the description of the robber given by the victims. Rice failed to meet the prejudice prong of the *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to show that, but for counsel's alleged failure to introduce evidence as to other vehicles in the area resembling that vehicle which Rice was driving when he was stopped on January 12, 1999, the result of the proceedings would have been different. Rice has failed to show how he was prejudiced by counsel's alleged ineffectiveness or how the outcome would have been any different if counsel had performed as Rice now contends counsel should have.

Ground Two does not warrant habeas corpus relief.

**Ground Three**

**Counsel failed to file a timely motion for new trial based on sleeping juror Thelma Deleary, and amended motion on discovery of alibi witness Jones.**

This claim has no merit.  Defense counsel did file a Motion for New Trial on April 19, 2001, which alleged juror Thelma Deleary was sleeping during closing argument. (Exhibit 5 attachment). The motion was filed when counsel learned of the whereabouts of alibi witness Tawanda Jones, as her observation was the primary basis for the motion. The motion was filed approximately a year after the trial. The motion was untimely because a motion for new trial must be filed within 10 days. However, counsel could not have filed the motion until she discovered the location of Ms. Jones in April 2001.

At the evidentiary hearing, defense counsel, Ms. Gray testified as follows:

**MR. DIRKS:** There was some issue raised regarding a juror who seemed to be nodding off. Do you remember anything about that?

**MS. GRAY:** I remember noticing the juror with the eyes closed at one point during closing arguments. Again, it was - it was obviously enough that I noticed that. The eyes were closed specifically, you know, can I tell how far they had been closed during the trial I do not recall because my focus was being paid to the witnesses and the testimony that was being given.

**MR. DIRKS:** Do you recall the witness - the juror that we were talking about, whether it was juror number one, whether that juror continued to sleep throughout the course of jury instructions?

**MS. GRAY:** I don't have any specific recollection of time. As I indicated, I noticed that at one point during closing arguments and then at some point after that, I don't know if it was still during closing or during jury instructions the eyes were again open.

(Ex.8: R582-533, 599).

-8-

A review of Rice's testimony in conjunction with defense counsel's testimony clearly reflects that Juror Deleary was sleeping or had her eyes shut at some point during closing argument. The record is also clear that this information was not presented to the court at trial.  The state trial court engaged in an analysis of whether counsel's failure to object and bring this issue to the trial court's attention prejudiced Rice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

Prior to closing arguments, the state trial court stated:

**COURT:** Okay. Both sides having rested, at this point we'll hear closing arguments during which the attorneys will argue to you their view of the evidence in the case, which you must remember consists only of the testimony of the witnesses who appeared as well as the exhibits that were received, not anything the lawyers say.

(Ex.4:V2/R378).

Closing argument does not involve the presentation of any evidence, but rather only argument presented by the attorneys, as the jury was properly advised by the state trial court. The state trial court found that defense counsel only testified that she observed Juror Deleary with her eyes closed during the summation portion of the trial. Relying on *Smith v. State*, 697 So. 2d 991, 992 (Fla. 4th DCA 1997)(stating that following an evidentiary hearing the finder of fact can rely upon testimony it finds to be credible and reject testimony it finds to be untrue), the state trial court correctly determined that closing argument was the only portion of the trial during which Juror Deleary was sleeping or had her eyes closed.

The record reflects that Rice's conviction was based on a multitude of testimonial, as well as physical evidence introduced against him during trial. Eyewitness Mr. Sawyer testified that as the perpetrator with the gun was leaving the store after the robbery, the

perpetrator opened the glass exit door in the middle of the door using his right hand. Mr. Sawyer testified that he relayed this information to the police. (Ex.4:V2/R273-285). Subsequently, Deputy Stevan Young, a crime scene technician, and Samuel McMullin, a latent fingerprint examiner for the Hillsborough County Sheriffs Office, testified that Rice's print was lifted from the exact location that Mr. Sawyer testified one of the perpetrators put his hand. (Ex.4:V2/318-347). Additionally, Rice's exit from the store was recorded by a surveillance video camera which corroborated Mr. Sawyer's story. (Ex4:V2/R242-285). Lastly, Mr. Sawyer, and Mr. Argenbright, another Discount Auto Parts employee, told Deputy Rex Meighen that the perpetrators left in a maroon mid 1980's Ford LTD II with a broken left taillight. (Ex4:V2/R259-260, 275-276, 297-299). Rice was subsequently stopped on January 12, 1999, while driving a Ford LTD with a broken left taillight, which Mr. Sawyer identified as the vehicle used in the robbery. (Ex.4:V2/R312-314, 351-351).

Given the weight of the evidence presented against Rice, Rice failed to demonstrate that, but for counsel's failure to object and bring to the court's attention the fact that a juror may have been sleeping during a portion of closing argument, the result of the proceedings would have been different. Rice failed to meet the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). Furthermore, Rice has not shown that the adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, Rice

has not satisfied the threshold requirement of 28 U.S.C. 2254(d) and (e), and is not entitled

to habeas relief on Ground Three.

### Ground Four

**Ineffective assistance of counsel for failure to file a motion to suppress statements allegedly made by Rice to Corporal Shepard, post-*Miranda*.**

Rice alleges counsel was ineffective for failing to move to suppress the post-*Miranda*

statements Rice allegedly made to Corporal Shepherd. Rice claimed he informed defense

counsel that he told Corporal Shepherd, post-*Miranda*, that he did not know what Corporal

Shepherd was talking about, that he wanted counsel and had nothing further to say. At trial,

Corporal Shepard testified that when he met with Rice, Rice stated the following:

> He understood his *Miranda* warnings. He advised me he knew where the Discount Auto Parts was located. He stated he did not do the robbery. He had not been in that store in 1999. He stated when he did go into the auto parts store, he went by himself. And if his fingerprints were in that store, they needed to be rechecked because they were not his.

(Ex4:V2/R354-355).

At the evidentiary hearing, defense counsel Ms. Gray testified she did not recall any

discussion regarding a motion to suppress specifically or a request by Rice to file a motion

to suppress. (Ex.8:R583). She further testified that she was not aware of any legitimate

legal basis to file a motion to suppress the statements, and if there had been any type of

legal basis she would have filed a motion to suppress. (Ex.8:R584). However, Ms. Gray

stated that in this case *Miranda* warnings were given and there was a signed consent to

interview form signed by Rice . (Ex.8:R584). Also, on cross-examination, Ms. Gray testified

she went over, with Rice,  Corporal Shepherd's testimony that was contained in the police report. (Ex.8:R586-589).

The state trial court properly found Ms. Gray's testimony to be credible, and further found that Ms. Gray informed Rice as to what statements Corporal Shepherd was going to attribute to him at trial, and that Rice did not object to any of these statements or inform Ms. Gray that he in fact never made those statements. Therefore, Ms. Gray had no legal basis for filing a motion to suppress Corporal Shepherd's testimony. Consequently, Rice failed to demonstrate how counsel was deficient and the state trial court's findings are supported by competent substantial evidence. Therefore, Rice has failed to show his attorney was deficient in her representation, or that the alleged deficiency was sufficiently damaging to cause prejudice. The state court decision resulted in a reasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), under either prong.

Ground Four does not warrant habeas corpus relief.

**Accordingly, the Court orders:**

That Rice's petition for writ of habeas corpus is denied.  The Clerk is directed to enter judgment against Rice and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the

applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §
2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists
would find the district court's assessment of the constitutional claims debatable or wrong,"
*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,
484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to
proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.
Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in
these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not
entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 7, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Najja Rice, pro se